Nash, J.
 

 The bill alleges that a negro boy, named ■Nelson, the property of the plaintiff’s father, was levied on by the sheriff to satisfy an execution against him: ■and that, at the sale, he was purchased by Jonathan Jacocks, the defendant’s intestate, for the sum of fifty dollars. The bill further alleges, that, before the sale commenced, many persons, who were creditors of his father, ■being present, for the purpose of securing their debts, the deceased, who was the uncle of the plaintiff, “ publicly proclaimed that that boy Nelson was the playmate of his nephew, your orator, and if they, the creditors of your orator’s father, would allow him, the said Jacocks, at some small sum, to purchase the boy, he, the said Jacocks,
 
 would make a present of him to his nephew,
 
 your orator.”
 
 *512
 
 The bill states, that the testator did purchase him for @50, he being worth $ 150, received a bill of sale from the sheriff, took the boy into his possession, and that the defendant, his executor, still so has him. It prays that the defendant may be decreed to convey the boy, Nelson, to the plaintiff. “ And if your orator is not entitled to have and receive
 
 the
 
 said slave as a gift from his uncle, then that your Honor will decree that the said Joseph M. Cox and his testator held and do hold the said slave in trust for your orator, and, upon the payment of the sum bid for said slave, with interest thereon, that your orator receive a title to said slave” — and a prayer for an account.
 

 The answer denies all knowledge of the transaction as set forth, and denies the right of the plaintiff to the relief he seeks.
 

 Replication was taken to the answer, and upon the hearing, the Court decreed that the defendant should convey the negro Nelson to the complainant, and account, &c., from which decree the defendant appealed.
 

 We are
 
 6f
 
 opinion that the decree appealed from is erroneous. The bill does not contain such a statement, as authorises the Court to grant the relief asked for. The bill expressly states, that the promise made by the testator, Jonathan Jacocks, at the time of the sale, was, that he would make, at some future time, a gift, a present, of the negro Nelson, to the compainant, if he was permitted to purchase him cheap. That such was' the fact, appears from the prayer of the bill; it is “that if the plaintiff is not entitled to receive the negro Nelson as a gift, &c.” Now we know of no case, nor has any been cited in the argument, to show that a Court of Equity ever has or can decree the performance oí a parol promise to make a gift of a slave. It would be directly in conflict with the Statute of Frauds ; by which it is declared, that “ no gift of any slaves thereafter to be made, shall be good or available either in law or equity,
 
 *513
 
 unless the same is in writing, signed by the donor and attested by at least one credible witness.” Conscious of this obstacle, the prayer is varied in the latter part — if the plaintiff cannot receive Nelson as a gift, “ then that it may be decreed that Jonathan Jacocks and the defendant, his administrator, may be decreed to be trustees for him, and upon his paying the $50 and interest, a conveyance may be decreed,” &c. In substance it is the same prayer, and relies upon the same statement of facts to sustain it. Place them in any position you please, it is still an attempt to induce the Court to compel the defendant to carry into execution a parol promise to give to the plaintiff a negro. Galling it a trust does not make it one. In no point of view was Jonathan Jacocks an agent of the plaintiff’s in making a purchase. Nor does the bill so charge. It is drawn with the view that there, might not be a discrepancy between the
 
 allegata aná probata.
 
 The whole of the conduct of Jonathan Jacocks and his declarations at the time of the purchase, show that he was purchasing for himself. If he has trespassed upon the rights of any, by his conduct at the sale, it was not upon those of the plaintiff. The cases cited in the argument, on behalf of the plaintiff, do not affect this case. In
 
 Jones
 
 v.
 
 Foster,
 
 2nd Dev, and Bat. Eq. 202, the decision was upon the ground that the proofs did not support the allegations of the bill. That of
 
 Cook
 
 v.
 
 Redman,
 
 2nd Ired. Eq. 623, was upon a bequest in a will. The testator gave two legacies to his son, the defendant, who had previously promised to hold one of them to the use of the plaintiff, his sister. This promise was held to create a trust in the defendant for the plaintiff. Here, according to the testimony, was a clear trust in favor of the sister. And it would, say the Court, be a fraud upon the testator, to whom the property belonged, to permit the son to avail himself of an omission in the will, caused by his own promise. And in my opinion, it would have been a clear
 
 *514
 
 fraud upon the plaintiff. But for the promise
 
 made by
 
 the defendant, the father would have given the property claimed by the will. These cases, it is believed, do not assist the plaintiff.
 

 Per Curiam.
 

 The bill dismissed with costs.